**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CATHERINE A. SAFARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00674-RWS |
| | ) | |
| CHARTER COMMUNICATION, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on the motion of plaintiff Catherine A. Safari for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant Charter Communication.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who brings this civil action pursuant to the Americans with Disabilities Act of 1990 (ADA). (Docket No. 1 at 1). She names Charter Communication as the defendant. The complaint contains allegations that defendant harassed her, failed to accommodate her disability, and terminated her employment. (Docket No. 1 at 4).

With regard to the underlying facts, plaintiff asserts that she has been diagnosed with lupus, and also suffers from anxiety, depression, and complications from a kidney transplant. (Docket

No. 1 at 6). She states that defendant was aware of these medical diagnoses, as she had been approved under the Family and Medical Leave Act, and had spoken with a human resources representative about accommodations to help with her disability.

Due to her disability, plaintiff alleges that a coworker sent her harassing questions, took pictures of her, followed her to the bathroom, and accused her of not working. (Docket No. 1 at 5-6). She brought this up with a manager, but the manager also questioned her attendance and accused her of "not being a team player." (Docket No. 1 at 6). Ultimately, plaintiff met with a director, and she advised the director that she had gone to the manager several times about these issues. The director allegedly told plaintiff that she "was confused about the [definition] of harassment." She was then terminated from her employment.

Attached to the complaint is a right to sue letter issued by the United States Equal Employment Opportunity Commission (EEOC). (Docket No. 1-1 at 1). The letter was issued on March 22, 2023, and gives plaintiff ninety days to file a lawsuit.

Plaintiff has also attached her charge of discrimination with the EEOC and the Missouri Commission on Human Rights. (Docket No. 1-1 at 3). In the charge of discrimination, plaintiff asserts that she was hired in March 2020; that her employment ended on September 28, 2022; that defendant knew of her disabilities when she was hired; that beginning August 5, 2022, two individuals began harassing her based on her disabilities; and that she believes she was discharged based on her disabilities.

Based on these facts, plaintiff seeks compensation for being wrongfully terminated. (Docket No. 1 at 7).

3

**Discussion**

Plaintiff is a self-represented litigant who brings this claim under the ADA, asserting that she was harassed and terminated from her employment due to her disabilities. Because she is proceeding in forma pauperis, the Court has reviewed her complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will direct the Clerk of Court to issue process on Charter Communication as to plaintiff's claim under the ADA.

**A. ADA Claim**

"The ADA bars private employers from discriminating against a qualified individual on the basis of disability." *Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d 933, 940 (8th Cir. 2018). Discrimination includes an employer not making a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability. *Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 930 (8th Cir. 2012). In order to establish a prima facie case of discrimination under the ADA, "an employee must show that she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability." *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). *See also Wood v. Crown Redi-Mix, Inc.*, 339 F.3d 682, 684 (8th Cir. 2003). To establish a disability, an ADA claimant must show a physical or mental impairment substantially limiting a major life activity, a record of such impairment, and that the claimant is regarded as having such impairment. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490-91 (8th Cir. 2002).

If a plaintiff desires to bring an ADA claim, she must first exhaust her remedies with the EEOC. *See* 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e-5(e)(1) outlining charge requirements). *See also Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018) (stating that in order to assert ADA claim, plaintiff must have first exhausted

4

his administrative remedies by filing a charge of discrimination with the EEOC); *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 638 (8th Cir. 2003) ("There is a long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted"); and *Randolph v. Rogers*, 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies").

In this case, plaintiff states that she has been diagnosed with lupus, anxiety, and depression, and that her employer knew of these disabilities and the requirement for accommodation. She further alleges that despite making her employer aware, she was discriminated against on the basis of her disabilities, specifically with regard to her manager and coworker questioning her attendance and the amount of work she was doing. When plaintiff brought these issues to the attention of a director, she was terminated from employment. With regard to exhaustion, plaintiff asserts that she filed a charge of discrimination with the EEOC, and has attached the charge to the complaint. She also notes that she has received a right to sue letter, and has attached that as well. According to the date on the right to sue letter, plaintiff has timely filed this action within ninety days.

The Court must accept plaintiff's allegations as true and make all reasonable inferences in her favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). The Court further notes that in evaluating whether plaintiff's complaint has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *See Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). The Court will therefore direct the Clerk of Court to issue process on defendant Charter Communication as to plaintiff's claim under the ADA. The Court cautions plaintiff that this is only a preliminary

5

determination based solely on the allegations contained in the complaint. This is not a determination of the merits of her claim or potential defenses thereto.

**B. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Charter Communication as to plaintiff's claim under the Americans with Disabilities Act. Defendant shall be served via its registered agent: CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Dated this 25th day of May, 2023.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE